UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TD BANK, N.A. f/k/a TD Banknorth, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| ANNE B. GOLDER and PAUL R. BUCKLEY, | ) |
| JR., PERSONAL REPRESENTATIVE of the | ) |
| ESTATE OF PAUL R. BUCKLEY, SR., | ) |
| | ) |
| Defendants. | ) |

## CIVIL ACTION –COMPLAINT

NOW COMES Plaintiff, TD Bank, N.A. f/k/a TD Banknorth, N.A., by and through its undersigned counsel, Duane Morris LLP, for its Complaint against Defendants, Anne B. Golder and Paul R. Buckley, Jr., respectfully shows:

### THE PARTIES

1. Plaintiff, TD Bank, N.A. ("TD Bank"), is a national banking association existing under the laws of the United States of America. TD Bank's main office, as set forth in its articles of association, is located in Wilmington, Delaware. It has its headquarters and main operation in Cherry Hill, New Jersey.   It is therefore, a citizen of Delaware.

2. Anne B. Golder is a citizen of Connecticut whose last known address is 14 Country Lane, Collinsville, Connecticut 06019.

3. Paul R. Buckley, Jr., Personal Representative for the Estate of Paul R. Buckley, Sr. (together with Anne B. Golder "Defendants"), is a citizen of Maine whose last known address is 14 Goldenrod Lane, Falmouth, Maine 04105.   Moreover, the Estate, to which he was appointed to act was or is being administered in Maine.

1

## JURISDICTION, VENUE AND VICINAGE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 by virtue of complete diversity of citizenship, insofar as TD Bank was, and is at the time of the filing of the Complaint, a citizen of the State of Delaware, Defendants are and at the time of the filing of the Complaint, citizens of the states of Connecticut and Maine, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district and/or because one of the defendants resides in this judicial district.

6. Pursuant to Rule 3(b), Local Rules of the United States District Court for the District of Maine, this matter should be assigned to the Portland Vicinage insofar as the property which is the subject of this action is located in Androscoggin County.

## ALLEGATIONS COMMON TO ALL COUNTS

7. The property subject to this action is located at 4 Mountain Avenue, Lewiston, County of Androscoggin, State of Maine, 04240-6210 (the "Property"). The Property is more particularly described in Exhibit A attached hereto and made a part hereof.

8. The Property was deeded to John J. Buckley and Ruth A. Buckley as joint tenants on May 12, 1950 and recorded in the Androscoggin County Registry of Deeds in Book 640, Page 162 (the "First Deed"). A copy of the First Deed is attached hereto as Exhibit B.

9. A deed revising and extending the boundary line of the Property was subsequently granted to John Buckley on November 5, 1976 and recorded in the Androscoggin County

Registry of Deeds in Book 1237 at Page 202 (the "Second Deed"). A copy of the Second Deed is attached hereto as Exhibit C.

10.     John J. Buckley died on September 14, 1990.

## COUNT I – REFORMATION OF MORTGAGE

11.     On June 17, 2005 Paul R. Buckley, Sr., individually and as Attorney-in-Fact for Ruth A. Buckley, executed and delivered to TD Bank a certain Home Equity Line of Credit Agreement and Disclosure Statement in the original principal amount of $89,900.00 (the "Note"). A copy of the Note is attached hereto as Exhibit D.

12.     To secure the Note, Paul R. Buckley, Sr., as Attorney-in-Fact for Ruth A. Buckley, executed and delivered to TD Bank a certain Open-End mortgage dated June 17, 2005 and recorded in the Androscoggin County Registry of Deeds in Book 7569, Page 230 (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit E.

13.     The Mortgage contains an error in the legal description by omitting reference to one of the two deeds that, when taken together, comprise the Property.

14.     The City of Lewiston identifies and assesses the Property pursuant to the revised and extended boundary line reflected in the Second Deed. A copy of the City of Lewiston Tax Map is attached hereto as Exhibit F.

15.     At the time of preparation, execution, and recording, it was not known that the Mortgage failed to reference the First Deed.

16.     It was the intention and understanding of all parties to said Mortgage that the legal description was to reference both the First Deed and the Second Deed.

WHEREFORE, Plaintiff, TD Bank, N.A. requests that this Court reform the legal description in the Mortgage to correct the error and to reflect the true intentions of the parties and such other and further relief as this Court deems just and proper.

## COUNT II – FORECLOSURE BY CIVIL ACTION

17. Plaintiff repeats and re-alleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

18. On June 17, 2005, Paul R. Buckley, Sr., as Attorney-in-Fact for Ruth A. Buckley, executed and delivered to TD Bank a certain Home Equity Line of Credit Modification Agreement in order to revise the Minimum Draw Requirement Section and add an Annual Fee (the "Modification"). A copy of the Modification is attached hereto as Exhibit G.

19. Ruth A. Buckley died on or about January 20, 2010.

20. Paul R. Buckley, Sr. and Anne B. Golder were determined to be the sole heirs of the Ruth A. Buckley on January 6, 2014, pursuant to the Order on Petition for Determination of Successor's Rights filed with the Androscoggin County Probate Court. A copy of said Order is attached hereto as Exhibit H.

21. Upon information and belief, Paul R. Buckley, Sr. died on or about October 4, 2015. Paul R. Buckley, Jr. was appointed Personal Representative of the Estate of Paul R. Buckley, Sr. on November 20, 2015 pursuant to the Letters of Authority of Personal Representative filed with the Androscoggin County Probate Court (the "Appointment"). A copy of the Appointment is attached hereto as Exhibit I.

22. Effective May 31, 2008, TD Banknorth, National Association, changed its name to TD Bank, National Association.

23. TD Bank is the holder of the Note and Mortgage.

24. TD Bank is the owner of the Note.

25. The Note is in default for failure to make the monthly payment due July 22, 2015, and failure to make all payments due thereafter. As a result, a condition of the Mortgage has been breached.

26. In compliance with the Note and Mortgage, on March 11, 2016, TD Bank caused to be sent a Notice of Right to Cure by certificated mailing (the "Default Letters"). Copies of the Default Letters are attached hereto and made a part hereof as Exhibit J.

27. The default has not been cured. In accordance with the Mortgage, and by reference the Note, TD Bank has declared the entire indebtedness presently due and payable.

28. In order to protect its security interest, TD Bank likely will be further compelled during the pendency of this action to advance payments for tax, water and sewer assessments, insurance premiums, and other charges affecting the Property, or some part thereof, and TD Bank requests that any such sum or sums to be paid be added to the Note and be deemed secured by the Mortgage and be further deemed a valid lien on the Property.

29. By virtue of the breach of the terms of the Note and Mortgage, TD Bank, is entitled to: (i) judgment in its favor in the amount of $94,737.00, together with interest from March 11, 2016, at the rate of $7.367633 per diem to the date of judgment, and other costs and charges collectible under the mortgage; (ii) an order setting the priority of the liens, in accordance with the allegations set forth above; (iii) a Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service; and (iv) an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90 day period of redemption.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter an order that forever bars and forecloses all rights, claims, liens and any equity of redemption in the Property of the Defendants, and every person whose conveyance or

encumbrance is subsequent or subsequently recorded after the filing of a copy of the Complaint instituting this action in the Androscoggin County Registry of Deeds.

  B. Enter an order setting the priority of the parties and amounts due such parties, in accordance with the allegations set forth in the Complaint;

  C. Enter Judgment of Foreclosure and Sale in conformity with Title 14 M.R.S.A. §6322, and allowing for the sale to be conducted in accordance with 14 M.R.S.A. §6323 or, in the alternative, by the United States Marshal Service;

  E. Enter an Order allowing exclusive possession of the real estate to TD Bank upon the expiration of the statutory 90-day period of redemption.

  F. Grant TD Bank such other relief as the Court may determine to be just and equitable.

Dated: March 28, 2017

              Respectfully submitted,

              DUANE MORRIS LLP

              /s/ Brett Messinger
              By: Brett Messinger
                 Andrea T. Holbrook
              2 Monument Square, Suite 505
              Portland, Maine 04101
              blmessinger@duanemorris.com
              atholbrook@duanemorris.com
              (215) 979-1508/1677
              Attorneys for Plaintiff